USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/20/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Texaco, Inc

Debtor.

Scottie L. McCarroll and Terry E. Williams,

Appellants,

–against–

Texaco, Inc.,

Appellee.

7:25-cv-4547 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

This *pro se* appeal arises from the Bankruptcy Court's May 8, 2025, order (Case No. 87-20142 ECF No. 4089, hereinafter "Bankruptcy Court Order") denying Appellants Scottie L. McCarroll and Terry E. Williams's renewed motion to reopen Texaco Inc.'s Chapter 11 bankruptcy proceeding and for related relief from the automatic stay.

**BACKGROUND**

On April 12, 1987, Texaco Inc. and two of its subsidiaries commenced Chapter 11 bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of New York. On February 22, 1988, Edgar Taylor, Jr. ("Taylor"), through counsel at the Maritime Asbestosis Legal Clinic ("MALC"), timely filed a proof of claim alleging tortious exposure to asbestos and other toxic materials during the course of his employment by Texaco.

On March 23, 1988, the Bankruptcy Court confirmed Texaco's Second Amended Joint Plan of Reorganization (the "Plan"). The Plan provided that certain disputed claims would be

determined and liquidated in the administrative or judicial tribunals in which they were pending as if the bankruptcy proceedings had not been commenced. Taylor's claim therefore "rode through" the bankruptcy unaffected by confirmation of the Plan. As of April 7, 1988, the automatic stay dissolved, and bankruptcy law no longer prevented Taylor from pursuing his claims outside of bankruptcy.

Taylor died on May 5, 1990. Thereafter, Creighton E. Miller ("Miller") was appointed administrator of Taylor's estate (the "Taylor Estate"). In May 1993, MALC commenced an action on behalf of the Taylor Estate in the United States District Court for the Northern District of Ohio against Reorganized Texaco and thirteen other defendants based on the same injuries underlying Taylor's proof of claim.

On November 7, 1997, Miller, acting as administrator of the Taylor Estate, executed a release in favor of Reorganized Texaco (the "1997 Release"). The Release stated that it was intended to resolve the dispute between the parties and terminate claims asserted, or that could have been asserted, against Reorganized Texaco arising from Taylor's alleged exposure. In exchange, Reorganized Texaco paid a settlement amount to the Taylor Estate.

Approximately twenty years later, on October 4, 2017, certain surviving members of Taylor's family sought permission from the Bankruptcy Court to file a late proof of claim concerning the same injuries alleged in Taylor's original proof of claim. On November 20, 2017, they also moved to reopen the Chapter 11 proceedings pursuant to 11 U.S.C. § 350(b).

The Bankruptcy Court considered that request at a hearing on February 28, 2019. The Bankruptcy Court concluded that Taylor's claim had passed through the bankruptcy unimpaired and had thereafter been litigated outside the bankruptcy proceedings. The Bankruptcy Court further concluded that the claim had been released by Miller, acting as administrator of the Taylor

Estate, and that reopening the bankruptcy case would therefore serve no purpose.

On December 21, 2021, Appellants again moved to reopen the bankruptcy proceedings, this time seeking, among other things, a determination concerning the Taylor Estate's claims against Reorganized Texaco. At a May 2022 hearing, the Bankruptcy Court reiterated that, insofar as there were claims concerning the administration of the settlement proceeds, those claims would be against Miller rather than Texaco. The Bankruptcy Court also concluded that Texaco had complied with the procedures established by the Plan and Confirmation Order. On June 6, 2022, the Bankruptcy Court denied the renewed motion to reopen with prejudice.

On March 7, 2025, Appellants filed another motion seeking relief from the automatic stay. Because the bankruptcy case had long since been closed, the Bankruptcy Court directed Appellants to first move to reopen the Chapter 11 proceeding if they wished to pursue substantive relief. Appellants filed their renewed motion to reopen on April 16, 2025.

At a hearing on May 7, 2025, Appellants explained that they sought information concerning the settlement proceeds associated with Taylor's claims. Specifically, they asserted that they had been unable to determine whether the settlement proceeds were received by the Taylor Estate or included among the assets ultimately inherited by Taylor's heirs. They further contended that the failure to protect those proceeds could constitute a breach of fiduciary duty.

On May 8, 2025, the Bankruptcy Court denied Appellants' motion to reopen. The Bankruptcy Court observed that Taylor's claims had passed through the bankruptcy unaffected by confirmation of the Plan and that no automatic stay remained in effect. It further found that Appellants had presented no new information warranting departure from the Bankruptcy Court's prior decisions, including its 2022 denial of reopening with prejudice. The Bankruptcy Court therefore concluded that there was no "cause," justification, or need to reopen the case under 11

U.S.C. § 350(b).

Appellants timely appealed the May 8, 2025 Order.

**STANDARD OF REVIEW**

A bankruptcy court's decision to grant or deny a motion to reopen pursuant to 11 U.S.C. § 350(b) is reviewed for abuse of discretion. *In re Smith*, 645 F.3d 186, 189 (2d Cir. 2011); *State Bank of India v. Chalasani*, 92 F.3d 1300, 1307 (2d Cir. 1996). A bankruptcy court abuses its discretion when its decision rests on an error of law, a clearly erroneous factual finding, or cannot otherwise be located within the range of permissible decisions.

More generally, in reviewing a bankruptcy court's decision, a district court reviews conclusions of law de novo and findings of fact for clear error. *See In re Bennett Funding Grp., Inc.*, 146 F.3d 136, 137 (2d Cir. 1998). Under de novo review, the district court affords no deference to the bankruptcy court's legal conclusions. *See In re Reilly*, 245 B.R. 768, 772 (B.A.P. 2d Cir.), *aff'd*, 242 F.3d 367 (2d Cir. 2000). A factual finding is clearly erroneous where, upon review of the entire record, the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Dist. Lodge 26, Int'l Ass'n of Machinists & Aerospace Workers, AFL–CIO v. United Techs. Corp.*, 610 F.3d 44, 51 (2d Cir. 2010) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Because Appellants proceed *pro se*, the Court construes their submissions liberally and interprets them "to raise the strongest arguments that they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## DISCUSSION

Appellants appeal from the Bankruptcy Court's denial of their renewed motion to reopen Texaco's long-closed Chapter 11 case. The issue before this Court is not whether Appellants may have some other remedy arising from the administration of Edgar Taylor Jr.'s estate or the 1997 settlement, but whether the Bankruptcy Court abused its discretion in determining that reopening the bankruptcy case would serve no bankruptcy purpose. Since the record supports the Bankruptcy Court's conclusion that no cause existed to reopen the case, the Order is affirmed.

### I. **The Bankruptcy Court Did Not Abuse Its Discretion in Denying the Motion to Reopen**

Section 350(b) provides that a bankruptcy case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Whether cause exists to reopen a bankruptcy case is committed to the bankruptcy court's broad discretion. *See Batstone v. Emmerling (In re Emmerling)*, 223 B.R. 860, 864 (B.A.P. 2d Cir. 1997). In determining whether reopening is warranted, courts consider, among other things, the length of time the case has been closed, whether a nonbankruptcy forum can adjudicate the underlying dispute, whether reopening would benefit the debtor, and whether it is clear at the outset that no relief would be forthcoming. *See In re Easley-Brooks*, 487 B.R. 400, 407 (Bankr. S.D.N.Y. 2013); *In re Solutia, Inc.*, 653 B.R. 99, 113–14 (Bankr. S.D.N.Y. 2023). A bankruptcy court's ultimate decision whether to reopen is reviewed for abuse of discretion. *In re Smith*, 645 F.3d 186, 189 (2d Cir. 2011).

Here, the Bankruptcy Court acted well within its discretion in determining that reopening was unwarranted. As an initial matter, the Texaco bankruptcy case has been closed for decades. More importantly, the Bankruptcy Court concluded that reopening the case would not provide Appellants with any bankruptcy-related relief. The confirmed Plan permitted claims such as

Taylor's to pass through the bankruptcy unaffected, and the automatic stay had long since terminated. Accordingly, there was no bankruptcy impediment preventing Appellants from pursuing whatever remedies might otherwise remain available to them outside of the bankruptcy proceeding.

The Bankruptcy Court also reasonably concluded that Appellants had presented no materially new information warranting a different result from its prior rulings. During the May 7, 2025 hearing, the Bankruptcy Court specifically asked whether Appellants possessed any additional information that would justify reopening notwithstanding the prior denials. Appellants pointed to documents obtained from proceedings in Ohio. After reviewing those materials, however, the Bankruptcy Court concluded that they did not provide any new information justifying departure from the prior rulings.

That determination was particularly reasonable given the procedural history of this dispute. Appellants had previously sought substantially similar relief before the Bankruptcy Court in 2019 and 2022. In 2022, the Court denied the motion to reopen with prejudice. The Bankruptcy Court therefore properly considered the repetitive nature of the requested relief in determining that Appellants had failed to establish cause to reopen the case once again.

Nor does Appellants' continuing dispute concerning the 1997 settlement require reopening the bankruptcy proceeding. The Bankruptcy Court recognized that Appellants' principal concern appears to be whether settlement proceeds were received by Taylor's estate and properly administered. It further acknowledged that Appellants may, at least at some point, have had a potential fiduciary-duty claim concerning Miller's administration of the estate. But the Bankruptcy Court correctly observed that such a dispute would not arise within the Texaco bankruptcy case and that reopening the case would not be the way to resolve it.

In light of those circumstances, the age of the bankruptcy case, the absence of any remaining automatic stay or other bankruptcy impediment, the availability of nonbankruptcy avenues for any remaining dispute, Appellants' failure to present materially new information, and the Bankruptcy Court's prior consideration of substantially similar requests, the Bankruptcy Court reasonably concluded that there was no "cause," justification, or need to reopen the case. Accordingly, the Bankruptcy Court did not abuse its discretion in concluding that Appellants failed to establish cause to reopen the case under 11 U.S.C. § 350(b).

## CONCLUSION

For the foregoing reasons, the Bankruptcy Court's May 8, 2025, Order denying Appellants' motion to reopen is affirmed. The Clerk of the Court is kindly directed to enter a judgement and close the case.

SO ORDERED.

Dated: October 20, 2026
White Plains, New York

Nelson S. Román, U.S.D.J.